AARON D. FORD
  Attorney General
Jared M. Frost (Bar No. 11132)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
Telephone: (702) 486-3177
Facsimile: (702) 486-3773
E-Mail: jfrost@ag.nv.gov
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALBERT BROWN, an individual; and ARSEMA HAGOS, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>THE STATE OF NEVADA EX REL. NEVADA STATE POLICE HIGHWAY PATROL; officer DANIEL S. MAREK, in his individual capacity,<br><br>Defendants. | Case No. 2:24-cv-01994-BNW<br><br>**STIPULATION AND PROTECTIVE ORDER GOVERNING SENSITIVE AND CONFIDENTIAL MATERIALS** |

    Plaintiffs ALBERT BROWN and ARESMA HAGOS, by and through counsel, TAYLOR JORGENSEN, ESQ., and ANDRE M. LAGOMARSINO, ESQ., of LAGOMARSINO LAW, Defendants STATE OF NEVADA EX REL. NEVADA STATE POLICE HIGHWAY PATROL and DANIEL S. MAREK ("Defendants"), by and through counsel, AARON D. FORD, Nevada Attorney General, and JARED M. FROST, Senior Deputy Attorney General, hereby agree and stipulate to the following.

    1.    <u>Purpose:</u> this Mutual Confidentiality Agreement ("Agreement") is entered into by and between the Parties to share certain materials that are privacy-sensitive or confidential for approved litigation purposes.

///

///

2. <u>Defined Terms:</u>  when used in this Agreement, the term:

a. "Confidential Materials" shall mean any and all of the following items identified in the Disclosing Party's initial and/or supplemental disclosures for purposes of the Litigation, regardless of whether the items are in physical or electronic form, except as set forth in Section 3:

i. Unredacted copies of government documents that contain personally-identifiable information.

ii. Unredacted copies of audio and/or video recordings that contain personally-identifiable information and/or images that may be confidential pursuant to NRS 289.025(1).

b. "Disclosing Party" shall refer to the Nevada State Police, Highway Patrol Division.

c. "Receiving Party" shall refer to any party to this action and his or her counsel, counsel's employees to whom it is reasonably necessary to access Confidential Materials in connection with the Litigation, and any non-party who receives Confidential Materials pursuant to the terms of this Agreement.

d. the "Litigation" shall refer to *Brown et al. v. The State Of Nevada Ex Rel. Nevada State Police Highway Patrol et al.*, United States District Court, District of Nevada, case 2:24-cv-01994-BNW.

3. <u>Designation of Confidential Documents:</u> designation of documents as set forth in Paragraph 2 of this Agreement may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend "CONFIDENTIAL" on the first page of the document and also on each page deemed to include confidential information in a manner that does not interfere with the legibility of the document. If only part of a document is designated "CONFIDENTIAL," then, in addition to providing the Receiving Party's attorney with an unredacted copy of the document marked "CONFIDENTIAL," the Disclosing Party must also provide a redacted copy of the document that omits the confidential information.

4. <u>Exclusions from Confidential Materials:</u> except as required by applicable federal, state, or local law or regulation, the term "Confidential Materials" as used in this Agreement shall not include the following:

    a. redacted copies of items identified in Section 2;

    b. information that, at the time of disclosure is, or thereafter becomes, generally available to and known by the public other than as a result of, directly or indirectly, any violation of this Agreement by a Receiving Party;

    c. information that, at the time of disclosure is, or thereafter becomes, available to the Receiving Party on a non-confidential basis from a third-party source, provided that such third party is not and was not prohibited from disclosing such information to the Receiving Party by a legal, fiduciary, or contractual obligation to the Disclosing Party;

    d. information that was known by or in the possession of the Receiving Party as established by documentary evidence, before being disclosed by or on behalf of the Disclosing Party under this Agreement; or

    e. information that was or is independently developed by the Receiving Party, as established by documentary evidence, without reference to or use of, in whole or in part, any Confidential Materials.

5. <u>Receiving Party Obligations:</u>  the Receiving Parties shall:

    a. protect and safeguard the confidentiality of all Confidential Materials in a reasonably secure manner;

    b. not use Confidential Materials, or permit Confidential Materials to be accessed or used, for any purpose other than the preparation and hearing of the Litigation, or any appeal therefrom, and for no other purposes whatsoever absent order of the Court;

    c. unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, disclose Confidential Materials only to the following persons:

        i. employees of counsel of record in the Litigation to whom it is reasonably necessary to disclose the information in connection with the Litigation;

    ii. experts, consultants, or investigators including their staff who have signed the Acknowledgment attached hereto as Exhibit A;

    iii. outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Litigation to whom disclosure is reasonably necessary for this Litigation;

    iv. the court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

    v. court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Litigation;

    vi. during their depositions and deposition preparation, witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

    vii. any mediator or arbitrator engaged by the named parties in connection with this Litigation;

    viii. the author or recipient of Confidential Materials or a custodian or other person who otherwise possessed or had access to the Confidential Materials; and

    ix. other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

  6. In the event any Confidential Materials is contained in any pleading, motion, exhibit, or other paper filed or to be filed with the Court, the filing party shall file the Confidential Materials under seal.

  7. Each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential Materials shall be shown a copy of this Agreement and be advised of its contents. Each such individual shall execute the written acknowledgement attached hereto as Exhibit A.

8. Any person or entity in possession of Confidential Materials shall maintain the materials in a reasonably secure manner, and shall not reveal or discuss such materials to or with any person not entitled to receive it, so that the Confidential Materials are not further disclosed or used in any manner inconsistent with this Order. At the time that any consultant or other person retained to assist counsel in the preparation of this Litigation concludes participation in the Litigation, such person shall return to counsel all copies of Confidential Materials that are in the possession of such person, together with all notes, memoranda or other papers containing Confidential Materials.

9. The parties, in conducting discovery from third parties, shall provide to each third party a copy of this Agreement and Order so as to inform each such third party of his, her, or its rights herein.

10. This Agreement shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony, or other evidence subject to this Agreement that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Agreement. A party that intends to present or that anticipates that another party may present Confidential Materials at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing Confidential Materials. The Court may thereafter make such orders as are necessary to govern the use of such materials at trial.

11. Nothing in this Agreement shall be used or characterized by any party as an admission by a party or a party opponent.

12. The parties agree that a designation of Confidential Material is not intended to be and shall not be construed as an admission that the Confidential Materials are relevant to a party's claims or defenses, nor subject to an applicable privilege or protection.

13. No party shall be obligated to challenge the propriety of a designation of Confidential Material when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of

Confidential Material under this Agreement, the objecting party shall notify the Disclosing Party in writing. Within twenty-one (21) calendar days of receipt of such notification, counsel for the disclosing party and the objecting party shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation of the Confidential Material.

14. The treatment accorded under this Agreement and Order shall survive the termination of this Agreement.

15. This Agreement shall not prevent any party from applying to the Court for further or additional protective orders, or for the modification of this Agreement, subject to the Court's approval.

| | |
|---|---|
| DATED this November 20, 2024. | DATED this November 20, 2024. |
| LARGOMARSINO LAW | AARON D. FORD<br>Nevada Attorney General |
| By: /s/ Taylor N. Jorgensen<br>Andre M. Lagomarsino, Esq., SBN 6711<br>Taylor N. Jorgensen, Esq., SBN 16259<br>Lagomarsino Law<br>3005 West Horizon Ridge Pkwy, Suite 241<br>Henderson, NV 89052 | By: /s/ Jared M. Frost<br>Jared M. Frost, SBN 11132<br>Senior Deputy Attorney General<br>Office of the Nevada Attorney General<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

### ORDER

Any filing of confidential information under seal must comply with LR IA 10-5 and *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). For good cause appearing, the Stipulation and Protective Order Governing Sensitive and Confidential Material as set forth above is SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 21, 2024

EXHIBIT A

**ACKNOWLEDGEMENT**

I, _____, declare that:

- I have received a copy of the Stipulation and Protective Order Governing Sensitive and Confidential Material ("Confidentiality Agreement") in this Litigation.

- I have carefully read and understand the provisions of this Confidentiality Agreement and I agree to abide by its terms.

- I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Confidentiality Agreement, and will not copy or use for purposes other than for this Litigation, the Confidential Materials I receive, except to the extent the Confidential Materials become public domain information or otherwise are no longer deemed confidential in accordance with the Confidentiality Agreement.

- I agree that at the conclusion of the Litigation, I will return all Confidential Materials to the party or attorney from whom I received them.

- I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Confidentiality Agreement.

- I understand that disclosure of Confidential Materials in violation of the Confidentiality Agreement may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____            _____
Date                                Signature